NOT FOR PUBLICATION

|  | UNITED STATES DISTRICT COURT |
|---|---|
|  | DISTRICT OF NEW JERSEY |

THE GENERAL HOSPITAL CENTER AT PASSAIC, LEXINGTON INSURANCE COMPANY and JERI CONNOLLY, R.N.

        Plaintiffs,

v.

AMERICAN CASUALTY COMPANY OF READING, PA, and CNA INSURANCE COMPANY,

        Defendants.

**Hon. Dennis M. Cavanaugh**

**OPINION**

Civil Action 04-CV-4578(DMC)

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions by Plaintiffs, The General Hospital Center at Passaic ("The Hospital"), Lexington Insurance Company ("AIG") and Jeri Connolly, R.N. and by Defendants, American Casualty Company of Reading, PA and CNA Insurance Company ("CNA") for reconsideration pursuant to Local Civil Rule 7.1(i) of the Court's Opinion and Order dated September 24, 2007 granting in part and denying in part Plaintiffs' motion for summary judgment and granting in part and denying in part Defendants' motion for summary judgment. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiffs' motion for reconsideration is **denied** and Defendants' motion for reconsideration is **denied**.

I.  **BACKGROUND**[1]

On October 3, 2007, Plaintiffs filed a timely motion for reconsideration seeking reconsideration of this Court's September 24, 2007 Order granting in part and denying in part Plaintiffs' motion for summary judgment. On October 10, 2007, Defendants filed a motion for reconsideration, seeking reconsideration of the same September 24, 2007 Order.

II. **STANDARD OF REVIEW**

Motions for reconsideration in this district are governed by Local Civil Rule 7.1(i). See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). In sum, it is improper to ask the court to "rethink what is had already thought through-rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Maryland, 744 F.Supp. 1311, 1314 (D.N.J.1990).

III. **DISCUSSION**

Plaintiffs and Defendants fail to sustain the burden imposed on them in moving for reconsideration.

---

[1] A recitation of the full background of this matter is unnecessary here and can be found in this Court's September 24, 2007 Opinion granting in part, and denying in part, motions for summary judgment by both parties. See The General Hospital Center at Passaic et al. v. American Casualty Company of Reading Pa. et al., Civil Action No. 04-CV-4578, 2007 WL 2814655 at *1-2 (D.N.J. September 24, 2007).

2

Plaintiffs argue that reconsideration is necessary to prevent manifest injustice. (Pls' Brief, p. 14.) In particular, Plaintiffs argue that Defendant CNA maintained throughout the settlement of the underlying action that its policy was "co-primary" with Plaintiff AIG's policy and that Defendant CNA would share equally in the settlement agreed to in the underlying action. (Id.) This Court considered Plaintiffs' argument with regard to alleged representations made by Defendant CNA throughout the underlying action and ruled on that matter in its September 24, 2007 Opinion and Order.

Plaintiffs further argue that the Court overlooked the issue of how the "Other Insurance" clauses in both Plaintiff AIG's and Defendant CNA's policies operate with respect to each other since they treat their own insurance policies as excess to any other policy held by the insured. (Id.) Plaintiffs claim that the issue was overlooked by this Court since it was never contested by the parties. (Id.) Plaintiffs maintain that the policies are mutually repugnant and should be treated as co-primary under New Jersey case law. (Id. at 20.) As Plaintiffs concede, the relationship between the "Other Insurance" clauses was not presented to the Court in its motion for summary judgment. (Id. at 18). However, under R. 7.1(i), "[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but were overlooked" may be the subject of a motion for reconsideration. Capell v. Lowe's Home Imp. of Toms River, 2005 WL 2373415, at 2 (D.N.J.), *citing* Resorts Intern., Inc. v. Greate Bay Hotel and Casino, Inc., 830 F.Supp. 826, 831 (D.N.J. 1992). Plaintiffs fail to point to any evidence previously unavailable or any matter presented to the Court, but not considered. Furthermore, Plaintiffs fail to make an adequate showing of a necessity to prevent injustice.

Defendants also fail to meet the substantive requirements under R. 7.1(i). Under the rule,

a motion for reconsideration must be filed within 10 days after the District or Magistrate Judge files the order or judgment as to which reconsideration is sought. See Werner v. Terhune, Civ. No. 93-4798 (DRD). A motion filed untimely may be denied for that reason alone. See XL Specialty Insurance Co. v. Westermoreland Coal Co., 2006 U.S. Dist. Lexis 54233 (D.N.J. Aug. 4, 2006). It is therefore within this Court's discretion to consider Defendants' motion for reconsideration since said motion was filed six days out of time.

Defendants allege that reconsideration is necessary to honor the terms of Defendant CNA's insurance policy. (Defs' Brief, p. 4-5.) Specifically, Defendants argue that the CNA insurance policy was in excess of any retentions and deductibles under the AIG policy and should thus not be required to pay the $100,000 retention under the policy. (Id.) In support of their argument that CNA is not liable for the $100,000 self-insured retainer, Defendants cite to cases, decided prior to the Court's September 24, 2007 Order and Opinion, that are not controlling since they were decided outside of this Court's controlling jurisdiction. The Court considered the terms of the AIG policy and the CNA policy as argued by Defendants and Plaintiffs in their motions for summary judgment. Defendants have failed to (1) point to any intervening change in controlling law; (2) point to evidence previously unavailable; or (3) show necessity to correct a clear error of law or prevent manifest injustice. Therefore, Defendants motion for reconsideration is denied.

**IV.   CONCLUSION**

For the reasons stated, it is the finding of this Court that Plaintiffs' and Defendants' motions for reconsideration are **denied**. An appropriate Order accompanies this

Opinion.

 S/ Dennis M. Cavanaugh

Dennis M. Cavanaugh, U.S.D.J.

Date:      February  4  . 2008
Orig.:       Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File